UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA NICHOLLE BROCK, | |
| Plaintiff, | |
| V. | JURY TRIAL DEMANDED |
| CITY OF ATLANTA FIRE-RESCUE DEPARTMENT, | |
| Defendant. | |

**COMPLAINT**

COMES NOW Plaintiff, Andrea Nicholle Brock, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-IV of this Complaint, which arise from Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has personal jurisdiction over the parties because a substantial

portion of the employment practices described herein were committed within Fulton County, Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Cobb County, Georgia.

6. Defendant is a governmental entity based in Fulton County, Georgia.

7. Defendant may be served by delivering a copy of the Complaint and Summons to Fire Chief Roderick M. Smith, located at 226 Peachtree Street, SW Atlanta GA 30303.

8. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff has been employed by Defendant since January 17, 2002.

11. Plaintiff has been promoted multiple times during her career with Defendant.

12. During the events in question, Plaintiff was employed by Defendant as a Fire

Captain.

13. Upon knowledge and belief, the decision to discipline Plaintiff was made by Interim Chief Randall Slaughter.

14. Upon information and belief, the decision not to promote Plaintiff was made by Interim Chief Slaughter in 2020 and Chief Roderick Smith in 2021.

15. Plaintiff is a member of a protected class by virtue of her gender (female).

16. Defendant was aware of Plaintiff's protected class by at least her first day of in-person work.

17. On May 24, 2017, Plaintiff complained to Assistant Chief Chris Wessels that her male co-workers were being treated more favorably than their female co-workers.

18. On June 5, 2017, Plaintiff was accused of multiple patient care violations by Defendant Medical Director, Dr. Mark Waterman.

19. After investigation, the accusations against Plaintiff were substantiated by Defendant.

20. On October 9, 2017, Plaintiff was suspended 15 days without pay.

21. Plaintiff appealed Defendant's decision substantiating the allegations to the Civil Service Board.

22. While the appeal was pending, Plaintiff was disqualified from promotion to an EMS Supervisor position.

23. Upon information and belief, Dr. Waterman instructed EMS Supervisor, Mr. Ezio Correa, not to swap positions with Plaintiff or otherwise allow her to become an EMS Supervisor, even temporarily.

24. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 16, 2017.

25. The Civil Service Board overturned Defendant's findings regarding the patient safety issues in March, 2020.

26. Upon information and belief, a delay of nearly three years between a disciplinary action and a Civil Service Board hearing is uncommon.

27. Approximately two weeks after the Civil Service Board decision, Defendant posted six EMS Supervisor vacancies.

28. Plaintiff stated her interest in filling one of the six vacancies.

29. Plaintiff was not selected for any of the six vacancies.

30. All six vacancies were filled by male candidates.

31. Defendant claims Plaintiff was not selected because she did not follow the formal application process for the March 2020 vacancies.

32. Upon information and belief, at least three of the six selectees did not follow the formal application process for the March 2020 vacancies.

33. Upon information and belief, Plaintiff is clearly more qualified than at least five of the six selectees for the March 2020 vacancies based on her education, experience, and job performance history with Defendant.

34. Plaintiff received her Dismissal and Notice of Rights on November 15, 2021.

## IV.  CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION (GENDER - FAILURE TO PROMOTE)

39. Plaintiff incorporates by reference paragraphs 1-34 of her Complaint as if fully set forth herein.

40. Plaintiff is a member of a protected class by virtue of her gender (female). *Para. 15-16.*

41. Plaintiff was qualified for the position at issue. *Paras. 10-12.*

42. Plaintiff was not promoted to the EMS Supervisor positions advertised in March 2020. *Para. 29.*

43. The selectees for the EMS Supervisor positions advertised in March 2020

were all male. *Para. 30*.

44. Plaintiff is clearly more qualified for the position than at least five of six selectees. *Para. 33*.

45. Defendant's reason for Plaintiff's non-selection is pretextual. *Paras. 31-32*.

## COUNT II: TITLE VII DISCRIMINATION (GENDER - HARASSMENT)

46. Plaintiff incorporates by reference paragraphs 1-45 of her Complaint as if fully set forth herein.

47. Plaintiff is a member of a protected class by virtue of her gender (female). *Para. 15-16*.

48. Plaintiff is a qualified employee. *Paras. 10-12*.

49. Plaintiff suffered pervasive harassment when she was blocked from obtaining a promotion for multiple years. *Paras. 18-23*.

50. Defendant acted with discriminatory intent when it disciplined Plaintiff for a charge that was later found to be unsubstantiated. *Paras. 18-31*.

## COUNT III - RETALIATION (HOSTILE WORK ENVIRONMENT)

51. Plaintiff incorporates by reference paragraphs 1-50 of her Complaint as if fully set forth herein.

52. Plaintiff is a qualified employee. *Paras. 10-12*.

53. Plaintiff participated in multiple protected activities. *Paras. 17, 24*

54. Defendant had knowledge of Plaintiff's protected activities. *Paras. 17, 24*.

55. Plaintiff was thereafter improperly disciplined by Defendant. *Para. 18-23, 25-26*.

56. The temporal proximity between Plaintiff's protected activities and her improper discipline create an inference of causation.

57. As a result of Defendant's actions, Plaintiff was unable to seek a promotion for multiple years. *Paras. 18-26*.

58. Defendant's actions gave rise to a hostile work environment.

## COUNT IV: RETALIATION (FAILURE TO PROMOTE)

59. Plaintiff incorporates by reference paragraphs 1-59 of her Complaint as if fully set forth herein.

60. Plaintiff participated in multiple protected activities. *Paras. 17, 24*.

61. Defendant had knowledge of Plaintiff's protected activities. *Paras. 17, 24*.

62. Plaintiff was barred from promotions with Defendant for multiple years. *Para. 18-23, 25-26*.

63. Plaintiff was qualified for the position at issue. *Paras. 10-12*.

64. Plaintiff was not promoted to the EMS Supervisor positions advertised in

March 2020.  *Para. 29.*

65. Plaintiff is clearly more qualified for the position than at least five of six selectees. *Para. 32.*

66. Because this was Plaintiff's first application after being barred from promotion, the temporal proximity between Plaintiff's non-selection and her protected activities infers causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant:

a. A trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. An injunction requiring Plaintiff's promotion to the EMS Supervisor position, or in the alternate front pay;

d. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII, to exceed $25,000; and

e. Any other relief this Court deems proper and just.

Respectfully submitted this 11th day of February, 2022.

    THE KIRBY G. SMITH LAW FIRM, LLC
    s/Kirby G. Smith
    Kirby G. Smith
    Georgia Bar No. 250119
    Amanda Brookhuis
    Georgia Bar No. 601396
    *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of February, 2022.

                THE KIRBY G. SMITH LAW FIRM, LLC

                <u>s/Kirby G. Smith</u>
                Kirby G. Smith
                Georgia Bar No. 250119
                *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 11th day of February, 2022.

                                       THE KIRBY G. SMITH LAW FIRM, LLC

                                       s/Kirby G. Smith
                                       Kirby G. Smith
                                       Georgia Bar No. 250119
                                       *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com